IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2373-WJM-MEH

LAWRENCE JOHNSON,

    Plaintiff,

v.

BRIAN KELLY,
BROC, K-9, and
COLORADO SPRINGS POLICE DEPARTMENT,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS TO REOPEN CASE

Before the Court is *pro se* Plaintiff Lawrence Johnson's Motion to Reopen Case, filed on April 7, 2023 ("First Motion") (ECF No. 53) and Motion to Reopen Case, filed on August 10, 2023 ("Second Motion") (ECF No. 56) (together, "Motions"). Defendants Brian Kelly, Broc, and the Colorado Springs Police Department (collectively, "Defendants") have not responded to the Motions. Nonetheless, the Court does not require a response to rule on the Motions. For the reasons set forth below, the Motions are denied.

The Court dismissed this action against Defendants Broc and the City of Colorado Springs with prejudice, dismissed this action against Defendant Kelly without prejudice, alternatively dismissed the action for failure to prosecute, and entered final judgment almost two years ago on December 15–16, 2021. (ECF Nos. 50, 51.) Therefore, because Plaintiff filed the Motions more than 28 days after judgment was

entered, the Court construes the Motions as filed pursuant to Federal Rule of Civil Procedure 60(b).  *See* Fed. R. Civ. P. 60(c) (a motion under Rule 60 must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding).

Rule 60(b)(1) permits the court to relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court.  *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary, and the ruling should not be disturbed except for a manifest abuse of discretion).

In the First Motion, Plaintiff requests that the Court reopen this action "due to not having a proper address, . . . the lack of knowledge in the litigation process, and missed a deadline of filing due to having the Covid and being homeless."  (ECF No. 53 at 1.)  In his Second Motion, Plaintiff again asks the Court to reopen the case, noting that he is now incarcerated and has a permanent address.  (ECF No. 56 at 1.)

Upon due consideration, the Court finds that Plaintiff has not demonstrated good cause under Rule 60(b)(1) or (6)—the only two prongs of Rule 60 which could apply here.  A review of the docket reveals that Plaintiff failed to keep his address updated with the Court, resulting in mail being returned as undeliverable on numerous occasions (ECF Nos. 29, 32, 37, 38, 46, 47, 55); an order to show cause for failure to prosecute (ECF No. 30); an order dismissing this action without prejudice for failure to comply with a Court order and failure to prosecute (ECF Nos. 6, 7), which had to be vacated when

Plaintiff requested that the matter be reopened (ECF Nos. 10, 11); and finally, another order dismissing this action against Broc and the City of Colorado Springs with prejudice, dismissing this action against Kelly without prejudice, and alternatively dismissing the action for failure to prosecute and final judgment being entered almost two years ago on December 15–16, 2021 (ECF Nos. 50, 51).  While the Court is sympathetic to the hardships Plaintiff claims to have suffered, which have apparently inhibited his ability to prosecute this action, it does not excuse the numerous delays and judicial resources expended from August 2020, when he filed this action, to December 2021, when the Court dismissed this action.  Therefore, the Court denies his requests to reopen this action.

      For the foregoing reasons, the Court ORDERS that the Motions (ECF Nos. 53 and 56) are DENIED.  This action remains CLOSED.

      Dated this 14th day of August, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

3